UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT ALEXANDER LANEY,<br><br>Defendant. | Case No. 1:19-cr-00292-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendant Scott Alexander Laney's Motion to Dismiss Counts One through Eight of the Indictment (Dkt. 16), and the Defendant's Motion for Bill of Particulars. (Dkt. 9). For the reasons explained below, the Court will deny both motions.

# BACKGROUND

Laney worked as a sales representative for Millennium Health, a national company that, among other services, tested urine for drugs. According to the Indictment, from about January 2014 to August 2016, Laney submitted reimbursement forms for urine drug tests to health care benefit programs Medicaid

and Medicare. He allegedly used the names and identification numbers of several nurse practitioners without their knowledge and fraudulently represented that those providers had ordered the tests as medically necessary. This made the tests eligible for reimbursement from Medicaid and Medicare.

## ANALYSIS

**1.     Motion to Dismiss Counts One through Eight of the Indictment.**

Laney was indicted on September 10, 2019 on eight counts of Health Care Fraud under 18 U.S.C. §§ 1347, 2. He argues that the Indictment is invalid under Federal Rule of Criminal Procedure 12(b)(3)(B)(v) because the government presented insufficient evidence to the grand jury to support the elements of the crime.

An indictment must be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Bailey*, 444 U.S. 394, 414 (1980) (internal quotation marks omitted). In cases where the indictment "tracks the words of the statute charging the offense," the indictment will be held sufficient "so long as the words unambiguously set forth all elements necessary to

constitute the offense." *United States v. Fitzgerald*, 882 F.2d 397, 399 (9th Cir. 1989) (internal quotation marks omitted).

In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, "the district court is bound by the four corners of the indictment." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). "[A]n indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on its merits." *United States v. Milovanovic*, 678 F.3d 713, 717 (9th Cir. 2012) (internal citation omitted). The court must also "accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged." *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996). Simply put, "[t]he indictment either states an offense or it doesn't." *Boren*, 278 F.3d at 914.

Here, the Indictment tracks the language of 18 U.S.C. § 1347 and unambiguously sets forth the elements of the offense. Section 1347 punishes

> Whoever knowingly and willfully executes, or attempts to execute, a scheme or artifice—
>
> (1) to defraud any health care benefit program; or
>
> (2) to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program[.]

18 U.S.C. § 1347(a). These elements are present in the charges against Laney. The

Indictment states that Laney

> did knowingly and willfully execute and attempt to execute a scheme
> and artifice to defraud, as to material matters, health care benefit
> programs, as defined in 18 U.S.C. § 24(b), and to obtain, by means of
> materially false and fraudulent pretenses, representations, and
> promises, money owned by and under the custody and control of
> health benefit programs, in connection with the delivery and payment
> for health care benefit programs, in connection with the delivery and
> payment for health care benefit programs for diagnostic testing,
> specifically urine drug tests, falsely and fraudulently representing that
> the tests were ordered by a licensed medical provider, when in truth
> and fact, the providers had no knowledge of the tests and they were
> not reasonable and necessary for the diagnosis and treatment of an
> illness or injury.

*Indictment* ¶ 9, Dkt. 1. The language of the Indictment precisely tracks that of the statute and therefore sets forth "all elements necessary to constitute the offense." *United States v. Fitzgerald*, 882 F.2d 397, 399 (9th Cir. 1989).

An indictment is intended to "give the defendant notice of the charge so that he may defend or plead his case adequately." *United States v. James*, 980 F. 2d 1314, 1316 (9th Cir. 1992). It is not a reflection of the strength of the Government's case, nor may it be used to "assess the quality of the evidence presented to the grand jury." *United States v. Jensen*, 93 F. 3d 667, 669 (9th Cir. 1996). It is certainly not intended to "be used as a device for a summary trial of the evidence." *Id.* It would be improper for the Court to inquire further than the "four corners" of the Indictment. *See Boren*, 278 F. 3d at 914.

Here, the Indictment charges Laney with health care fraud based on the

submission to healthcare benefit programs of reimbursement forms for urine drug testing, which claimed the tests were medically necessary and had been ordered by providers. Thus, the Indictment provides sufficient notice of the crimes which Laney has been charged. Accordingly, the Court will deny the motion to dismiss.

   2.   **Motion for Bill of Particulars.**

The Court will also deny defendant's Motion for a Bill of Particulars, which is aimed at the eight counts of Aggravated Identity Theft under 18 U.S.C. §§ 1028A. Laney argues that a bill of particulars is needed to provide specific information about alleged forgeries in Counts Nine through Sixteen.

Federal Rule of Criminal Procedure 7(f) provides that "[t]he court may direct the filing of a bill of particulars ... as the court may permit." A bill of particulars serves three functions: (1) "to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial"; (2) "to avoid or minimize the danger of surprise at the time of trial"; and (3) "to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes." *U.S. v. Ayers,* 924 F.2d 1468, 1483 (9th Cir. 1991) (quoting *United States v. Giese,* 597 F.2d 1170, 1180 (9th Cir. 1979)). A court must consider whether the indictment and all other disclosures made by the government adequately advise the defendant of the charges against him. *United States v.*

*Long,* 706 F.2d 1044, 1054 (9th Cir.1983) (citing *Giese,* 597 F.2d at 1180).

Here, the Indictment alleges specific conduct constituting the essential elements of the charged crime and provides dates and documents for the alleged identity theft. The charges and specifications are adequate to tell Laney what specific acts he is accused of committing, to adequately allow him to prepare his defense, and to protect him from double jeopardy. *See United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984).

Counts Nine through Sixteen of the Indictment state that Laney "did knowingly cause others to transfer, possess, or use, without lawful authority, a means of identification of another person[.]" *Indictment,* Dkt. 1, ¶ 18. It further provides the following information for each Count: the patient initials, provider initials, dates of service, and means of provider identification used without permission. *Id.* These allegations sufficiently apprise Laney of the charges against him. "In the Ninth Circuit the use of a 'bare bones' information—that is one employing the statutory language alone—is quite common and entirely permissible so long as the statute sets forth fully, directly and clearly all essential elements of the crime to be punished." *United States. v. Woodruff,* 50 F.3d 673, 676 (9th Cir. 1995) (internal citation and quotation marks omitted). Here, the Indictment surpasses the 'bare-bones' requirement. It identifies the test at issue by patient and provider as well as the date of each of the charged activities. It thus serves its

intended purposes.

Moreover, the Government represents, with no dispute from Laney, that it has provided Laney with full discovery. Full discovery obviates the need for a bill of particulars. *United States v. Giese,* 597 F.2d 1170, 1180 (9th Cir. 1979). The Court therefore finds that the information contained in the indictment and the discovery in this case satisfy Rule 7. The Court will therefore deny Laney's motion for bill of particulars.

## ORDER

**IT IS ORDERED that:**

1. Defendant's Motion to Dismiss Counts One through Eight of the Indictment (Dkt. 16) is **DENIED**.

2. Defendant's Motion for Bill of Particulars (Dkt. 9) is **DENIED**.

DATED: January 27, 2020

_____
B. Lynn Winmill
U.S. District Court Judge