UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT ALEXANDER LANEY,<br><br>Defendant. | Case No. 1:19-cr-00292-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is the Government's Motion in Limine to limit evidence and argument regarding Millennium Health's settlement and corporate integrity agreements. Dkt. 54. The motion is fully briefed and at issue. For the reasons that follow the Court will deny the motion.

## BACKGROUND

A bench trial in this matter is set for September 21, 2020. Laney is charged with health care fraud and aggravated identity theft. Dkt. 47. In 2015, Laney worked as a sales representative for Millennium Health. Millennium Health provides laboratory testing of urine drug tests, among other services. The

MEMORANDUM DECISION AND ORDER - 1

Government alleges that Laney set up accounts for K&K Treatment[1] and Dishion Enterprises, both of which conducted urine drug screenings for defendants on pre-trial release or probation. The Government alleges that Laney listed health care providers on the new client forms who had not consented to being the authorized healthcare provider for these businesses. When testing was conducted by K&K or Dishion it was submitted to Millennium as medically necessary and included the authorized health care provider's National Provider Identifier number, even though the tests were not medically necessary. Millennium conducted drug testing on the urine samples and billed Medicare or Medicaid for the service. Laney received a commission for each test conducted.

In October 2015, Millennium entered into an administrative settlement agreement and corporate integrity agreement with the U.S. Department of Health and Human Services to resolve administrative denial and overpayment claims. At the same time, Millennium entered into settlement agreements for urine drug testing and pharmacogenetic testing with the U.S. Department of Justice and various relators to resolve pending *qui tam* actions. The settlement agreements relate, in part, to Millennium's excessive and unnecessary urine drug tests ordered

---

[1] The Government alleges that K&K Treatment is not a real business, and the actual business was Rostad GPS and Monitoring.

**MEMORANDUM DECISION AND ORDER - 2**

by physicians without an individualized assessment of patient need. *Gov't Ex. 3* at 3, Dkt. 54-3. Prior to reaching the settlements the Government alleged that Millennium pressured its employees into participating in the use of custom profiles[2] and fostering a culture of greed and intense sales pressure. *Def. Ex. 2014*, Dkt. 60-6.

The corporate integrity agreement required Millennium to ensure sales and marketing staff received training regarding the importance of medical reasonableness and necessity in claim submissions, sales and marketing, and communication with customers. The agreement required Millennium to appoint a Chief Clinical Officer to approve policies, procedures and practices related to clinical decision making, including in sales and marketing materials. Millennium was also required to ensure its forms clearly stated that "Medicare will only pay for tests that are medically reasonable and necessary."

## LEGAL STANDARD

There is no express authority for motions in *limine* in either the Federal Rules of Criminal Procedure or the Federal Rules of Evidence. Nevertheless, these

---

[2] Custom profiles allowed physicians to pre-select the types of substances to be tested for. It was alleged that Millennium employees would pressure physicians to use the tests selected in custom profiles even when they were not medically necessary.

MEMORANDUM DECISION AND ORDER - 3

motions are well recognized in practice and by case law. *See, e.g.*, *Ohler v. United States*, 529 U.S. 753, 758 (2000). They key function of a motion in limine is to "exclude prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 (1984). A ruling on a motion in limine is essentially a preliminary ruling, which may be reconsidered in the context of trial. *Id.* at 41.

## ANALYSIS

The Government argues that the settlement agreements and corporate integrity agreements are not relevant to the charges against Laney. The Government contends that the settlement agreements are about Millennium's use of custom profiles, and that Laney's actions would have been illegal whether or not custom profiles were involved. Laney responds that Millennium's practices, addressed by the settlement agreements, are relevant to Laney's willfulness and intent to defraud Medicare and Medicaid.

Fed. R. Evid. 401 states: "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Under Rule 403, however, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly

presenting cumulative evidence." However, in a bench trial Rule 403 has a more limited role, because there is less risk of unfair prejudice when the case is tried before a judge instead of a jury. *See E.E.O.C. v. Farmer Bros. Co.*, 31 F.3d 891, 898 (9th Cir. 1994) ("[I]n a bench trial, the risk that a verdict will be affected unfairly and substantially by the admission of irrelevant evidence is far less than in a jury trial").

To prove Laney committed health care fraud, the Government must prove that Laney knowingly and willfully executed a plan to defraud a health care benefit plan, and that Laney acted with the intent to defraud. 9th Cir. Model Crim. Instruction 8.128A.

The Settlement Agreements and Corporate Integrity Agreement relate to Millennium's practices related to both using custom profiles and encouraging their sales staff to have health care providers use custom profiles. Further, the settlement agreements were a result of Millennium's aggressive sales tactics. The settlement agreements and corporate integrity agreements themselves are of limited relevance to the charges against Laney. However, the business practices employed by Millennium leading to the settlement agreements are relevant to whether Laney knowingly and willfully executed a plan to defraud a health care benefit plan. The business practices are also relevant to whether Laney had the intent to defraud.

**MEMORANDUM DECISION AND ORDER - 5**

The Court will allow Laney to present limited evidence related to Millennium's business practices leading to the settlement agreements and corporate integrity agreements related to urine drug tests. The Court will also allow limited evidence of these agreements, subject to the Government's objection of relevance. The Court will not allow Laney to relitigate Millennium's conduct or the settlement agreements.

## ORDER

**IT IS ORDERED** that the Government's Motion in Limine (Dkt. 54) is DENIED.

DATED: September 19, 2020

B. Lynn Winmill
U.S. District Court Judge