**Dennis Benjamin,** ISB No. 4199
NEVIN, BENJAMIN, McKAY & BARTLETT LLP
303 West Bannock
P.O. Box 2772
Boise, ID 83701
Telephone: (208) 343-1000
Email: db@nbmlaw.com

**DENNIS M. CHARNEY,** ISB No. 4610
P.O. Box 171
Ten Sleep, WY 82442
Telephone: (208) 440-7200
Email: dennischarney@gmail.com

*Attorneys for Defendant*
*Scott Laney*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:19-CR-0292-BLW |
| Prosecution, | |
| vs. | **LANEY'S MOTION FOR NEW TRIAL AND REQUEST FOR ENLARGEMENT OF TIME** |
| SCOTT ALEXANDER LANEY | |
| Defendant. | |

Scott Laney, by and through his attorney of record Dennis M. Charney, hereby moves this Court, pursuant to Federal Criminal Rule of Procedure 33, to set aside the findings of guilt and order a new trial. FCR 33 provides that the Court may vacate the judgment and grant a new trial if the interest of justice so requires.

**LANEY'S MOTION FOR NEW TRIAL AND REQUEST FOR ENLARGEMENT OF TIME—1**

# BACKGROUND

Scott Laney was charged with health care fraud and aggravated identity theft on September 10, 2019. A superseding indictment was filed on June 10, 2020. After a five-day bench trial, the Court, on October 5th, 2020, found Mr. Laney guilty on all charges.

# ARGUMENT

In this case, there are at least three reasons supporting this motion. First, the jury trial waivers as to the original indictment, and more importantly, the superseding indictment, were not made in compliance with the law. As such, they were of no effect and a jury trial should have been conducted unless and until a waiver compliant with the law was in the record.

A criminal defendant's right to a jury trial is a fundamental right guaranteed by the Sixth Amendment. U.S. Const. amend. V; *United States v. Cochran,* 770 F.2d 850, 851 (9th Cir. 1985). The right to a jury trial may only be waived if four requirements are met: (1) the waiver is in writing, Fed. R. Crim. P. 23(a); (2) the government consents, *id.*; (3) the court accepts the waiver, *id.*; and (4) the waiver is made voluntarily, knowingly, and intelligently. *Cochran*, 770 F.2d at 851. Compliance with the requirements of Rule 23(a), which embodies the first three requirements, creates a presumption that the fourth requirement, that the waiver is voluntary, knowing, and intelligent, is met. *Id*. In order to determine whether the waiver is voluntary, knowing, and intelligent:

> The district court should inform the defendant that (1) [a] twelve members [b] of the community compose a jury, (2) the defendant may take part in jury selection, (3) a jury verdict must be unanimous, and (4) the court alone decides guilt or innocence if the defendant waives a jury trial. Furthermore, the district court should question the defendant to be sure he understands the benefits and burdens of a jury trial and freely chooses to waive a jury.

**LANEY'S MOTION FOR NEW TRIAL AND REQUEST FOR ENLARGEMENT OF TIME—2**

*United States v. Duarte-Higareda*, 113 F.3d 1000, 1002 (9th Cir. 1997) (citation omitted, brackets added); *accord, United States v. Gonzalez-Flores*, 418 F.3d 1093 (2005); *see also* Ninth Circuit Manual on Jury Trial Procedures, p. 6-7 (2013).

Here, the presumption of a valid waiver is overcome for several reasons. To begin, the written waiver was filed before the Government's Motion to Correct Indictment was granted. This correction made material changes to Counts II and X. Order Granting Motion to Correct Indictment (Dkt. 38). In addition, the waiver was filed before the Superseding Indictment was filed. Thus, there is no written waiver as to the corrected Counts II and X, or to any of the counts added by the Superseding Indictment. Thus, the presumption should not apply as to those counts.

Further, the record shows that Mr. Laney was not advised by this Court that members of the community comprise the jury (advisement 1[b] above) and was not advised that a jury must return a unanimous verdict (advisement 3).[1] Furthermore, the court did not "question the

---

[1] The Unedited Realtime transcript from Day 1, p. 12-13, shows the advisement did not comply with *Duarte-Higareda*:

THE COURT: Mr. Laney, you understand -- bring the microphone close, if you would. Mr. Laney, you understand, do you not, that you absolutely have the right constitutional right to a trial by jury in this case, the jury would be composed of 12 individuals, we would probably have alternates but only 12 jurors would actually deliberate to the verdict. You would have the right to participate in selecting the jury, to review their background, to exercise challenges for cause if you felt or your attorney felt that there was some conflict of interest. You also would have the right to exercise what's called peremptory challenges. In fact, you have ten peremptory challenges to the panel. The jury would be instructed that they are to be judges of the fact in the same way that I am the judge of the law. But by agreeing to waive or requesting that the jury not be involved in the case, you are in essence turning that owl [sic] over to me and waiving your constitutional right to a right by a jury of your peers. Do you understand that?

THE DEFENDANT: Yes, I do.

THE COURT: Okay. And after consultation with counsel, that's your decision; correct?

THE DEFENDANT: Yes, it is.

**LANEY'S MOTION FOR NEW TRIAL AND REQUEST FOR ENLARGEMENT OF TIME—3**

defendant to be sure he understands the benefits and burdens of a jury trial and freely chooses to waive a jury," pursuant to *United States v. Duarte-Higareda*, 113 F.3d 1000, 1002 (9th Cir. 1997). This is not to criticize the Court. It made the inquiry upon an oral request by the government and did not have time to refer to caselaw and/or Manual on Jury Trial Procedures before proceeding. In addition, the government did not remind the Court, when asked if there was anything else to cover, of the missing advisements or the lack of questioning by the Court to be sure Mr. Laney understood the benefits and burdens of a jury trial and freely chose to waive a jury.

Similarly, Magistrate Judge Dale at the arraignment on the Superseding Indictment did not give the required advisements or inquire as to the jury trial waiver at all. Docket Text Minute Entry 06/18/2020 (Dkt. 490). Mr. Laney will produce affidavits from himself and from trial counsel showing that Mr. Laney was not fully advised off the record. Finally, it should be noted that the written waiver does not contain the *Duarte-Higareda* advisements. (Dkt. 35).

Second, the Court refused to permit the Defendant to offer evidence relating to a critical issue in the case— whether he intended to commit fraud. The evidence offered, but refused, was the Millennium Health Corporate Integrity Agreement as well as the Millennium Health Playbook. Both items of evidence were significant items that would have shed light on the question of intent. The Court, however, ruled that the evidence in question was not relevant except to find out Laney's state of mind. Thus, government witnesses expected to testify to these issues could not be adequately cross-examined by defense counsel.

---

THE COURT: All right. Ms. Crane, is there anything else you want me to cover?

MS. CRANE: No, Your Honor. Thank you.

Third, as to the aggravated identity theft charges relating to Alisha Phillips and Brenda Hoyt, the Court erred by finding Mr. Laney guilty. There are only two possible conclusions the Court could have reached regarding the New Client Registration forms. If the Court concluded that the forms were signed by Hoyt and Phillips, then Mr. Laney could not have been convicted of identity theft—especially since the forms contained specific authorizations for the tests to be run. On the other hand, if the Court concluded that the forms were not signed, the only manner in which the Court could have reached that conclusion was to have accepted the invitation of the Government to speculate that Mr. Laney somehow forged the forms. Because the Government presented no evidence that the forms were forged or were otherwise not authentic, the Court, if it did reach that conclusion, could have only done so by means of speculation—something the law prohibits. Finally, as to the identity theft charges relating to Darrin Robertson and Alisha Phillips/Pinnacle, the Government offered no evidence that Mr. Laney had anything to do with their names being used without their knowledge. Instead, both "sign ups" were accomplished by Joe Johnson with Mr. Laney never knowing he had done so fraudulently.

## CONCLUSION

This motion will be supported by a detailed memorandum of law, with citation to appropriate segments of the trial transcript. It is respectfully requested that the Court set a briefing schedule such that Defendant's brief be due 21 days after receipt of the trial transcript. It is estimated that the transcript will be ready in approximately three weeks. The Defendant ordered the transcript within days of the verdict and is not attempting, in any way, to delay the proceedings. He simply requests adequate time to fully research and brief the issues raised in this motion.

**LANEY'S MOTION FOR NEW TRIAL AND REQUEST FOR ENLARGEMENT OF TIME—5**

RESPECTFULLY SUBMITTED this 18th day of October 2020.

/s/ Dennis Benjamin
Dennis Benjamin
Attorney for Scott Alexander Laney

/s/ Dennis M. Charney
Dennis M. Charney
Attorney for Scott Alexander Laney

**LANEY'S MOTION FOR NEW TRIAL AND REQUEST FOR ENLARGEMENT OF TIME—6**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of October, 2020 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent a notice of electronic filing to all parties on the electronic mail notice list.

                                              /s/ Dennis M. Charney
                                              Dennis M. Charney

**LANEY'S MOTION FOR NEW TRIAL AND REQUEST FOR ENLARGEMENT OF TIME—7**