**DENNIS M. CHARNEY,** ISB # 4610
P.O. Box 171
Ten Sleep, WY  82442
Telephone: (208) 440-7200
Email: dennischarney@gmail.com

Dennis Benjamin, ISB No. 4199
**NEVIN, BENJAMIN, McKAY & BARTLETT LLP**
303 West Bannock
P.O. Box 2772
Boise, ID 83701
Telephone: (208) 343-1000
Email: db@nbmlaw.com

*Attorneys for Defendant
Scott Laney*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:19-CR-0292-BLW |
| Prosecution, | |
| vs. | **DENNIS M. CHARNEY'S DECLARATION IN SUPPORT OF MOTION FOR NEW TRIAL AND REQUEST FOR ENLARGEMENT OF TIME** |
| SCOTT ALEXANDER LANEY | |
| Defendant. | |

Dennis M. Charney, who deposes, states and avers as follows:

1. I am counsel for Scott Laney.

2. Early on in this case, I considered whether or not Mr. Laney would be better served by trying this case to the court as opposed to a jury.

**DENNIS M. CHARNEY'S DECLARATION IN SUPPORT OF MOTION FOR NEW TRIAL AND REQUEST FOR ENLARGEMENT OF TIME—1**

3. I considered a bench trial to be a good option as most of the facts were not disputed, and I believed the outcome of the case rested more on an interpretation of complex legal issues as opposed to a factual dispute about what did or did not happen.

4. In 2013 I moved to the state of Wyoming and have lived here ever since. I came to know Mr. Laney as he was the son-in-law of a close friend who lives in Idaho.

5. When the investigation came to light, Mr. Laney asked if I could assist. I indicated that I could. I explained that I might have local counsel cover routine appearances to save travel expense. Ultimately, Randall Barnum agreed to cover these types of appearances.

6. Mr. Barnum covered the appearances before Judge Dale with respect to the original and superseding indictments.

7. Late in 2019, and early in 2020 I explained the *basic* difference between a bench trial and jury trial with Mr. Laney. I explained why a bench trial might be a better way to present this case given my analysis of the issues.

8. Based on my previous work in Idaho, I believed that Mr. Laney would have had a jury trial fully explained to him at the appearances before the magistrate. Thus, my explanation of the difference between a jury trial and a trial to the court took into consideration what I believed would have been explained to him at an initial appearance.

9. I do not believe we re-visited the issue after the government filed the superseding indictment. In hindsight, I believe I should have because the sentence that could have been imposed on Mr. Laney, as well as the elements of proof, were significantly changed by way of the superseding indictment.

**DENNIS M. CHARNEY'S DECLARATION IN SUPPORT OF MOTION FOR NEW TRIAL AND REQUEST FOR ENLARGEMENT OF TIME—2**

I declare under penalty of perjury under the laws of the United States of America, pursuant to United States Code § 28-1746, that the foregoing is true and correct.

EXECUTED this 19th day of October, 2020.


        /s/   Dennis M. Charney
        Dennis M. Charney
        *Attorney for Scott Alexander Laney*

**DENNIS M. CHARNEY'S DECLARATION IN SUPPORT OF MOTION FOR NEW TRIAL AND REQUEST FOR ENLARGEMENT OF TIME—3**

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of October, 2020 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent a notice of electronic filing to all parties on the electronic mail notice list.

/s/ Dennis M. Charney
Dennis M. Charney

**DENNIS M. CHARNEY'S DECLARATION IN SUPPORT OF MOTION FOR NEW TRIAL AND REQUEST FOR ENLARGEMENT OF TIME—4**