JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
DARCI W. CRANE, IDAHO STATE BAR NO. 8852
ASSISTANT UNITED STATES ATTORNEY
KEVIN T. MALONEY, IDAHO STATE BAR NO. 5095
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-1413

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br>vs.<br><br>SCOTT ALEXANDER LANEY,<br><br>　　　　Defendant. | Case No. 19-cr-00292-BLW<br><br>**GOVERNMENT'S SENTENCING MEMORANDUM** |

The Government recommends that the Court sentence the Defendant to a term of imprisonment of 42 months.

### BACKGROUND

The Court presided over a five-day bench trial in this case, finding the Defendant guilty of nine counts of health care fraud and nine counts of aggravated identity theft in October 2020. From 2014 through 2017, the Defendant orchestrated a health care fraud scheme in which he misused the names and national provider identifiers ("NPI") of multiple nurse practitioners, allowing him to establish fraudulent urine drug test accounts for non-medical, court-ordered urine drug tests. He did so by causing billings to be submitted by his employer under the names

**GOVERNMENT'S SENTENCING MEMORANDUM - 1**

and NPI numbers of nurse practitioners who did not order the tests, did not see the patients, and did not use the test results in any patient treatment. As a result of the scheme, the Defendant received commission payments.

The Court sentenced the Defendant to 42 months. The Defendant appealed. Affirming the verdict, the Ninth Circuit remanded the case for resentencing to determine if the obstruction of justice enhancement applies.

## LEGAL ANALYSIS

The Ninth Circuit has set forth a basic framework that district courts should follow in compliance with the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005):

(1) Courts are to begin all sentencing proceedings by correctly determining the applicable sentencing guidelines range, precisely as they would have before *Booker*.

(2) Courts should then consider the § 3553(a) factors to decide if they support the sentence suggested by the parties. Courts may not presume that the guidelines range is reasonable. Nor should the guidelines factors be given more or less weight than any other. The guidelines are simply to be treated as one factor among the § 3553(a) factors that are to be taken into account in arriving at an appropriate sentence.

(3) If a court decides that a sentence outside the guidelines is warranted, then it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.

(4) Courts must explain the selected sentence sufficiently to permit meaningful appellate review.

*United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008).

## IMPOSITION OF SENTENCE

I. **United States Sentencing Guidelines Calculation**

For the reasons set forth in its Objection to the Presentence Investigation Report (ECF No. 103), the Government believes the obstruction of justice enhancement was appropriately applied.

**GOVERNMENT'S SENTENCING MEMORANDUM - 2**

## II.    18 U.S.C. 3553(a) Factors

The § 3553(a) factors support a sentence of 42 months.  The nature and circumstances of the offense reflect a comprehensive, ongoing, and calculated health care fraud scheme orchestrated by the Defendant.  A crime that only ended because the scheme caused the arrest of a person for a false-positive drug test.  The Defendant victimized professionals and misused their identities, negatively impacted a number of people on state supervision, and defrauded the government.

The Defendant's scheme victimized numerous people.  The Defendant's identity theft forced his victims to defend their professional reputations.  For example, Alisha Phillips was the nurse practitioner who uncovered the extent of the scheme.  Ms. Phillips testified at trial that when she learned of the scheme, she felt anguish, confusion, fear, and stress because she could not explain why her name was associated with certain urinary drug tests.  Brenda Hoyt was a newly licensed nurse practitioner whose identity the Defendant also misused to establish fraudulent billing with a probation contractor.  Ms. Hoyt testified that she learned about the probation contractor when federal law enforcement wanted to interview her during the investigation.  Darrin Robertson was a third nurse practitioner whose information was misused to setup another fraudulent testing account. At trial, Mr. Robertson testified that he learned his name was used in this scheme when federal law enforcement interviewed him.  Although none of the nurse practitioners knew the businesses or probationers they were purportedly involved with, they all knew the Defendant.  The Defendant exploited his professional relationships with the nurse practitioners in an attempt to advance his career and at the expense of his victims.

At trial, the Defendant lied. He testified contrary to consistent victim testimony from the nurse practitioners and the business owners.  The Defendant made the trial a credibility contest,

**GOVERNMENT'S SENTENCING MEMORANDUM - 3**

and the evidence proved him guilty.  A sentence of 42 months reflects the seriousness of the offenses, promotes respect for the law, provides just punishment, and affords adequate deterrence.

## CONCLUSION

Application of 18 U.S.C. § 3553 supports a sentence of 42 months for the Defendant's commission of the crimes of health care fraud and aggravated identity theft..  The Government submits that a sentence of 42 months is sufficient, but not greater than necessary, to accomplish the goals of sentencing, and that a lesser sentence is not supported by application of the 18 U.S.C. § 3553(a) factors.

Respectfully submitted this 17th day of August, 2022.

JOSHUA D. HURWIT
UNITED STATES ATTORNEY
By:

*/s/ Darci W. Crane*
DARCI W. CRANE
Assistant United States Attorney

**GOVERNMENT'S SENTENCING MEMORANDUM - 4**

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 17, 2022, the foregoing **GOVERNMENT'S SENTENCING MEMORANDUM** was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by:

| | |
|---|---|
| Dennis Benjamin<br>Nevin, Benjamin & McKay LLP<br>303 West Bannock<br>Boise, Idaho 83701 | ☐ United States Mail, postage prepaid<br>☐ fax<br>☒ ECF filing<br>☐ email |

*/s Darci W. Crane*

**GOVERNMENT'S SENTENCING MEMORANDUM - 5**