Craig H. Durham
FERGUSON DURHAM, PLLC
223 N. 6th Street, Suite 325
Boise, Idaho 83702
(208) 724-2617
chd@fergusondurham.com
ISB No. 6428
Attorney for Movant

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br><br>    v.<br><br><br>SCOTT ALEXANDER LANEY,<br><br>          Defendant. | Criminal Case No. 1:19-cr-00292-BLW<br><br>Civil Case No. _____<br><br><br>**MOTION TO SET ASIDE, VACATE, OR CORRECT SENTENCE**<br><br>**28 U.S.C. § 2255** |

### INTRODUCTION

Scott Alexander Laney moves this Court under 28 U.S.C. § 2255 for relief from the August 26, 2022 Second Amended Judgment in a Criminal Case. (Exhibit A.)

Mr. Laney was deprived of his constitutional right to the effective assistance of counsel under the Sixth Amendment because his counsel unreasonably failed to advise

him fully and completely about his right to be tried by a jury. Counsel's deficient performance prejudiced Mr. Laney because it induced him to waive his right to a jury trial. Had he been informed about the full scope of his right to have a jury of his peers unanimously decide whether the Government had proven his guilt beyond a reasonable doubt, he would have insisted on a jury trial rather than a bench trial.

Mr. Laney further alleges that, under *Dubin v. United States*, 599 U.S. __, 143 S.Ct. 1557 (June 8, 2023), his convictions for aggravated identity theft are based on conduct that is not criminal as a matter of law.  The crux of the alleged criminal conduct in this case involved drug testing that was not medically necessary and that was then reimbursed by Medicare and Medicaid. The allegedly unlawful use of the identities of certain medical providers was ancillary to that core fraudulent conduct. Allowing Mr. Laney's aggravated identity theft convictions to stand for conduct that is not criminal would violate his right to due process of law under the Fifth Amendment.

Alternatively, if *Dubin* clarified rather than narrowed the scope of the law, then Mr. Laney's trial counsel was constitutionally ineffective for failing to file a motion for judgment of acquittal on those grounds.

## PROCEDURAL BACKGROUND

1.      On September 10, 2019, the Government charged Laney by Indictment with eight counts of Health Care Fraud, 18 U.S.C. §§ 1347, 2, and eight counts of

2

Aggravated Identity Theft, 18 U.S.C. §§ 1028A and 2. (Case No. 1:19-cr-00292-BLW, Dkt. 1.)

2.      The government alleged that Laney, who was a  regional sales representative for lab testing companies, had engaged in a scheme to defraud Medicare and Medicaid Services ("CMS") by submitting charges to CMS for urine drug screening tests that were not medically necessary and, therefore, not legally reimbursable.

3.      The government further alleged that Laney had also committed aggravated identity theft in relation to his scheme to commit health care fraud by using the names of certain medical providers, and their "National Provider Numbers," without lawful authority.

4.      Laney retained private counsel Dennis Charney to represent him.

5.      At the arraignment, local attorney Randal Barnum substituted for Charney, who lived in Wyoming and did not travel for the hearing. (Dkt. 5.)

6.      Charney filed a motion to dismiss Counts 1 through 8 in the Indictment (Dkt. 16) and a motion for a bill of particulars (Dkt. 9), which were eventually denied. (Dkt. 37.)

7.      While those motions were still pending, on January 17, 2020, Laney signed a "Defendant's Waiver of Jury Trial Pursuant to Fed. Crim. Rule 23." (Dkt. 35.)

8.      The entirety of the document reads:

> I, Scott Laney, acknowledge that I was fully informed of my
> right to trial by jury in this cause. I hereby waive that right,

request the court to try all issues of fact and law without a
jury. Dated this 17th day of January, 2020. (*Id*.)

9.      As the case neared trial, nearly six months after the waiver was filed, the

Government took the case back to the grand jury and obtained a Superseding

Indictment. (Dkt. 47.) The Superseding Indictment added one count each of Health Care

Fraud and Aggravated Identity Theft. (*Id*.)

10.     Laney was arraigned on the Superseding Indictment on June 18, 2020.

(Dkt. 49.) Randall Barnum again stepped in for Charney to represent Laney so that

Charney would not need to travel from Wyoming. (*Id*.)

11.     On the first day of trial, the Government's counsel asked the Court to

inquire "before the bench trial begins if the defendant is, in fact, agreeable to proceeding

that way." (Tr., Vol. 1, p. 15.)

12.     The Court indicated that it believed that the case law required only that a

written waiver be filed, which had been done, but it stated that "there is no reason not

to explore that with Mr. Laney." (Tr., Vol. 1, p. 16.)

13.     The Court then engaged in the following colloquy with Laney:

> THE COURT: Mr. Laney, you understand, do you not, that
> you absolutely have the right --constitutional right to a trial
> by jury in this case? The jury would be composed of 12
> individuals. We would probably have alternates, but only 12
> jurors would actually deliberate to the verdict.

You would have the right to participate in selecting the jury, to review their background, to exercise challenges for cause if you felt or your attorney felt that there was some conflict of interest.

You also would have the right to exercise what's called peremptory challenges. In fact, you'd have 10 peremptory challenges to the panel. The jury would be instructed that they are to be judges of the fact in the same way that I am the judge of the law.

But by agreeing to waive or requesting that the jury not be involved in the case, you are, in essence, turning that all over to me and waiving your constitutional right to trial by a jury of your peers.

Do you understand that?

THE DEFENDANT: Yes, I do.

THE COURT: Okay. And after consultation with counsel, that's your decision; correct?

THE DEFENDANT: Yes, it is.

THE COURT: All right. Ms. Crane, is there anything else you want me to cover?

MS. CRANE: No, Your Honor. Thank you.

(Tr., Vol. 1, pp. 15-16.)

14.     The Court then held a six-day bench trial.

15.     The Court, sitting as the factfinder, found Laney guilty as charged.

16.     As to the aggravated identity theft counts specifically, the Court

concluded that the government had proven beyond a reasonable doubt "that the

defendant knowingly used without legal authority a means of identification of another person; that he knew that the means of the identification belonged to a real person; and he did so during and in relation to the commission of the health care fraud that was the basis for the Court's verdict in Counts 1 through 8." (Tr., p. 850.)

17.     The Court also found that the Government's witnesses were credible and that Mr. Laney "used healthcare providers' signatures and NPI numbers without the victims' knowledge of the purpose for which they would be used." (Tr., p. 851.)

<u>Motion for a New Trial</u>

18.     Mr. Laney retained new counsel to assist Mr. Charney in drafting a motion for a new trial.

19.      In that motion, he alleged, in part, that his jury trial waiver was not knowing, voluntary, and intelligent. (Dkt. 87.)

20.     Laney submitted his own affidavit and a declaration from trial counsel Charney regarding the decision to waive a jury trial. (Dkts. 88, 89.)

21.     Laney stated in his affidavit that he relied on Charney's advice to be tried by the Court because he trusted Charney. (Exhibit A, ¶ 5.) Charney told him that it would be in his "best interests" to waive the jury. (*Id*. at ¶ 4.) Laney further stated that Charney never advised him that "a jury must be composed of twelve persons from my community, that I could participate in the selection of the jury, or that all members of the jury must unanimously agree on a verdict in a jury trial." (*Id*. at ¶¶ 5-6.) Had he

been told that one juror out of twelve could prevent him from being convicted, he "would not have waived the jury." (*Id*. at ¶ 12.)

22.     In Charney's declaration, he indicated that he believed that a bench trial was a good option because "most of the facts were not disputed" and the case "rested more on an interpretation of complex legal issues as opposed to a factual dispute about what did or did not happen." (Exhibit B, ¶ 3.) He noted that "[l]ate in 2019, and early in 2020 I explained the *basic* difference between a bench trial and jury trial with Mr. Laney. I explained why a bench trial might be a better way to present this case given my analysis of the issues." (*Id*. at ¶ 7)(Emphasis in original). He believed that the magistrate judge would have fully explained Laney's right to a jury trial, and his explanation of the differences between a jury and bench trial took that into consideration, but Barnum was at those appearances so Charney was unaware of what the magistrate judge had said at the two arraignments. (*Id*. at ¶ 8.) In fact, the magistrate judge simply informed Laney that he had "a right to trial by jury." (Tr. (10/01/2019), p. 4; Tr. (06/18/2020, p. 4.) Charney also stated that he did not recall he and Laney discussing the matter again after the Superseding Indictment but he believes that he should have, as "the elements of proof were significantly changed by way of the superseding indictment." (Exhibit B, ¶ 9.)

23.     The Court denied the motion for a new trial. The Court noted that "[i]t is true that the Court did not specifically advise Laney that the jury's verdict must be

unanimous ... [but] that shortcoming in the colloquy was offset by Laney's written

waiver which assured the Court that he had been 'fully informed' by his attorney of his

right to a jury trial." (Dkt. 119, pp. 13-14.)

24.     Ultimately, the Court determined that "Laney's post-trial, and post-

conviction, statements do not square with his statements and demeanor prior to trial,

nor his written waiver stating he had been fully advised of his right to a jury trial.

Considering the entire context of the situation the Court finds that Laney knowingly,

intelligently, and voluntarily, waived his right to a trial by jury." (*Id*. at 14.)

<u>Direct Appeal</u>

25.     Laney raised three issues on direct appeal:

> A. Does the record show that Mr. Laney knowingly,
> intelligently, and voluntarily waived his right to a jury trial?
>
> B. Did the court err by denying the motion for a new trial
> based upon the invalid jury trial waiver?
>
> C. At sentencing, did the court err by applying a two-point
> enhancement for obstruction of justice under U.S.S.G. § 3C1.1
> due to Mr. Laney's disbelieved testimony at trial when the
> court expressly found that his testimony was not
> intentionally false?

(Court of Appeals Case No. 21-30041, Dkt. 3, p. 3.)

26.     As to the validity of the waiver, the Government argued, in part, that the

appellate court should look only to Laney's written waiver and the District Court's

colloquy with Laney: "[w]hatever the validity of Laney's post-trial declaration, none of

that information was available to the court when it began the bench trial." (*See* Court of Appeals Case No. 21-30041, Dkt. 14, p. 19.)

27.     In pressing that argument, the Government wrote that "if defense counsel was ineffective in explaining the waiver, a motion pursuant to 28 U.S.C. § 2255 is the proper vehicle for relief. *Cf.* [*United States v.*] *Cochran*, 770 F.2d [850,] 851 n.1 {(9th Cir. 1985)]." (*Id*. at p. 19, n. 5.)

28.     As to the claim based solely on the record before the district court, the Ninth Circuit held that Laney had not rebutted the presumption on the record before it that his waiver was knowing, intelligent, and voluntary. *United States v. Laney*, 2021 WL 5861286, *1 (9th Cir. 2021).

29.     The Ninth Circuit next held that the district court did not abuse its discretion in denying Laney's motion for a new trial, in which he also claimed that he was unaware of certain important aspects of the jury right when he waived it. *Id*.

30.     The Ninth Circuit focused primarily on the district court's handling of the jury trial waiver. It had nothing definitive to say about the quality of Laney's legal representation in advising him about waiving his right to a jury trial.

31.     Ultimately, though, the Ninth Circuit vacated Laney's sentence and remanded for a new sentencing hearing. *Laney*, 2021 WL 5861286,  2.

32.     This Court resentenced Laney on August 26, 2022. (Ex. A.) It imposed the same sentence of 42 months in prison followed by three years of supervised release.

33.     Laney now accepts the Government's invitation and alleges in this Motion pursuant to 28 U.S.C. § 2255 – which according to the Government is a "proper vehicle for relief" – that his counsel was "ineffective in explaining the waiver."

34.     Laney is serving a term of supervised release and is "in custody" for purposes of bringing this motion. *E.g.*, *Matus–Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002).

35.     This motion is timely filed within one year of the Second Amended Judgment. 28 U.S.C. § 2255(f)(1).

## CLAIMS FOR RELIEF

### I.

**Scott Laney was deprived of his Sixth Amendment right to the effective assistance of trial counsel because his counsel unreasonably failed to inform him of all material benefits of a trial by jury before he waived that constitutional right.**

36.     Laney incorporates all previous paragraphs.

37.     Laney has also provided a supplemental declaration with his Motion alleging additional facts relevant to this claim. (Exhibit C.)

38.     He alleges that a bench trial was trial counsel's idea because counsel believed that a judge would understand the technical aspects of a complex regulatory scheme better than a jury. He also believed that the facts were not really in dispute. (Laney Supp. Dec., Ex. C, ¶¶ 6, 11.)

10

39.     Laney deferred to his counsel's expertise. (*Id*. at ¶ 7.)

40.     Other than a single misdemeanor marijuana case from many years ago, Laney had no interaction with the criminal justice system. He was ignorant of criminal law and procedure. He deferred to his counsel's advice. (*Id*. at ¶ 9.)

41.     When trial counsel emailed the form for waiving a jury trial to Laney, Laney responded that he would google the difference between a jury and a bench trial. (*Id*. at ¶ 12.) Needless to say, an attorney acting reasonably professional would not allow his client to google information regarding the waiver of a critical constitutional right.

42.     Laney further responded, "thinking that means a trial with a judge instead of jury." (*Id*.) Counsel wrote back that "Yes. It is the same thing." (*Id*.)

43.     Laney did not search the internet for the differences between a bench trial and a jury trial. (*Id*. at ¶ 13.) Instead, he signed the waiver and returned it. He and trial counsel did not discuss it further. (*Id*. at ¶ 14.)

44.     Trial counsel did not revisit the matter after the Government had filed its Superseding Indictment. (*Id*. at ¶ 14.) Laney did not know he could withdraw his waiver.

45.     Trial counsel did not inform Laney that a jury of twelve must unanimously agree on his guilt. (*Id*. at ¶ 15.)

46.     Trial counsel did not inform Laney that a single juror could hold out for acquittal, which would prevent his conviction. (*Id.* at ¶ 16.)

47.     Trial counsel did not inform Laney that he had the right to have a jury from a fair cross-section of his community. (*Id*. at ¶ 17.)

48.     Trial counsel did not inform Laney about his right to participate in jury selection. (Ex. B, ¶ 7.)

49.     Trial counsel did not inform Laney that waiving a jury in a criminal case is extremely rare. (Ex. C, ¶ 18.)

50.     Trial counsel simply did not inform Laney of any of the specifics and contours of the jury trial right, and the benefits and burdens of a jury trial versus a bench trial.

51.     Laney was unaware of any of these things when he waived his right to a jury. He followed the recommendation of his attorney.

52.     Had he been fully informed, he would not have waived a jury and would have insisted on going to trial with a jury instead of a judge. (Ex. C, ¶ 19.)

53.     The Sixth Amendment to the United States Constitution guaranteed Laney the right to the effective assistance of trial counsel.

54.     Trial counsel's representation fell below an objective standard of professional reasonableness when he advised Laney to waive his right to a jury without informing him of all material aspects of the constitutional right he would be giving up.

12

55.     Trial counsel's unreasonable error prejudiced Laney. Laney was unaware of the critical benefits of the right to a jury trial. But for counsel's failure to fully inform him of the nature of the right, he would not have waived it and would have insisted on going to trial with a jury.

## II.

**Mr. Laney is factually innocent of aggravated identity theft under the holding of *Dubin v. United States*, 599 U.S. __, 143 S.Ct. 1557 (June 8, 2023). The evidence is therefore insufficient, as a matter of law, to support the verdict on those charges, and Mr. Laney's right to due process of law under the Fifth Amendment has been violated.**

56.     Mr. Laney has a due process right under the Fifth Amendment to have each element of a crime charged proven beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364 (1970).

57.     In *Dubin*, decided last June, the United States Supreme Court significantly narrowed the reach of 18 U.S.C. § 1028A, the aggravated identity theft statute.

58.     The Supreme Court held that "[a] defendant 'uses' another person's means of identification 'in relation to' a predicate offense when this use is at the crux of what makes the conduct criminal. To be clear, being at the crux of the criminality requires more than a causal relationship, such as 'facilitation' of the offense or being a but-for cause of its 'success.'" 143 S. Ct. at 1573.

13

59.     Here, the "crux" of what made Mr. Laney's conduct fraudulent was the billing of CMS for drug tests that were not medically necessary.

60.     The use of medical providers' names and National Provider Numbers was a mere means to that end.

61.     Mr. Laney's conduct was not criminal under 18 U.S.C. § 1028A.

62.     The government therefore did not prove, beyond a reasonable doubt, that Mr. Laney "used" another person's identity "in relation to" health care fraud.

63.     To the extent that Mr. Laney did not raise this issue at the trial level or on direct appeal, any alleged procedural default based on his failure to do so would be excused. *See, e.g., Bousley v. United States*, 523 U.S. 614, 620 (1998) (holding that decisions of the Supreme Court concluding that "a federal criminal statute does not reach certain conduct" is retroactively applicable on collateral review).

64.     Regardless of the Court's decision as to Claim I, Mr. Laney's convictions for aggravated identity theft should be vacated.

**III.**

**Alternatively, Mr. Laney was deprived of his Sixth Amendment right to the effective assistance of trial counsel because his trial counsel unreasonably failed to move or argue to this Court to acquit Mr. Laney of aggravated identity theft on a *Dubin*-like theory that he did not "use" another person's identify "in relation to" health care fraud.**

65.     Should this Court conclude either that *Dubin* only clarified existing law, or that Mr. Laney forfeited a substantive sufficiency of the evidence challenge under a *Dubin*-like theory, he alternatively contends that his counsel was constitutionally deficient in failing to raise the issue before the trial court.

66.     Had counsel done so, there is a reasonable probability that this Court would have granted a motion for a judgment of acquittal.

**PRAYER FOR RELIEF**

WHEREFORE, Scott Laney respectfully requests that the Court:

A.     Order the Government to respond to this Motion;

B.     Proceed on an expedited basis;

C.     Allow discovery, as needed;

D.     Set an evidentiary hearing to resolve disputed issues of material fact; and

E.     Grant the motion, vacate the judgment and reset for a new trial to cure the constitutional errors.

Submitted on this 25th day of August, 2023.

15

/s/Craig H. Durham
Attorney for Scott Laney

**VERIFICATION**

I am the movant in this matter and I declare under penalty of perjury that the

foregoing is true and correct.

EXECUTED this 23rd day of August 2023.

_____
Scott Alexander Laney