UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT ALEXANDER LANEY,<br><br>Defendant. | Case No. 1:19-cr-00292-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant's Motion for Early Termination of Supervised Release. For the reasons explained below, the Court will deny the motion.

## BACKGROUND

The Court sentenced Defendant Scott Laney to 42 months' imprisonment followed by three years of supervised release after finding him guilty of nine counts of health care fraud and nine counts of aggravated identity theft. Laney was placed on supervision in December 2022, and he is slated to complete his three-year term in December 2025. He asks the Court to terminate supervision a few months early.

## GOVERNING LEGAL STANDARD

The Court has broad discretion to impose terms of supervised release. *See* 18 U.S.C. § 3583(e)(1); *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir.

MEMORANDUM DECISION AND ORDER - 1

2014). This includes the discretion to terminate supervision after Defendant has served one year of their supervised release. 18 U.S.C. § 3583(e)(1). In deciding whether to grant a motion for early termination, courts must review several sentencing factors, which include:

    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2) deterrence;

    (3) protection of the public;

    (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation;

    (5) the sentence and sentencing range established for the category of defendant;

    (6) any pertinent policy statement by the Sentencing Commission;

    (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

    (8) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. §§ 3583(e)(1) & 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).[1] If, after considering these factors, the court is satisfied

---

[1] Congress specifically left out from consideration the need "to reflect the seriousness of the offense, to promote respect for the law, [or] to provide just punishment for the offense." 18 U.S.C. §§ 3553(a)(2)(A), 3583(e).

**MEMORANDUM DECISION AND ORDER - 2**

that early termination is "warranted by the conduct of the defendant released and the interest of justice," the court may grant the motion. The Ninth Circuit has specifically rejected "the proposition that early termination is reserved for cases of exceptionally good behavior," holding that a district court may not require exceptional behavior as a predicate for early termination. *See United States v. Ponce,* 22 F.4th 1045, 1047 (9th Cir. 2022). In deciding early termination motions, courts must provide an explanation based on consideration of the factors outlined above, but they need not elaborate unnecessarily. *Emmett*, 749 F.3d 817, at 821-22.

## ANALYSIS

Although Laney has completed more than one year of supervision and has made many positive strides in his life, the Court is not persuaded that early termination of supervision is warranted. In seeking early termination, Laney points out that he has experienced tremendous personal growth and hasn't had any violations on supervision. He has paid his restitution and court costs in full. He doesn't have an ongoing drug or alcohol problem. He says he "has grown from someone who shifted blame and denied responsibility to a person who now fully accepts responsibility for his conduct." *Motion,* Dkt. 153, at 4. He says supervised release is holding him back in many ways; more specifically, he says it would be easier to find a job if he weren't on supervision. *See Laney Letter, Ex. A to Motion,* Dkt. 153-1 ("Being done with supervised release and off of probation would

significantly enhance my chances of securing a job offer and continuing to establish a new professional record built on ethics, morality, and always doing the right thing.").

Having considered Laney's arguments, and each of the factors outlined above, the Court cannot find that termination of supervision is warranted by Laney's conduct or in the interests of justice. Generally, the Court believes that the structure provided by supervision is necessary to ensure that Laney continues to thrive. And while Laney has asserted that he will be more likely to secure a job offer if he's released from probation, he does not point to any specific job offer that is contingent upon him being released from supervision. To be sure, the Court commends Mr. Laney for his successes and, in particular, his change in attitude. The Court sincerely hopes that he continues to set and achieve meaningful goals in his life. But, for the reasons just explained, the Court will deny the request for early termination of supervision.

## ORDER

**IT IS ORDERED that** Defendant's Motion for Early Termination of Supervised Release (Dkt. 153) is **DENIED.**



DATED: August 23, 2025

B. Lynn Winmill  
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 4